IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON / GREENWOOD DIVISION

United States of America          )
                                  )          Cr. No. 8:04-1120-HMH
          vs.                     )
                                  )          **OPINION & ORDER**
Dwayne Scott Selvey,              )
                                  )
                  Movant.         )

This matter is before the court on Dwayne Scott Selvey's ("Selvey") motion under 28

U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Upon due

consideration, and for the reasons set forth herein, the motion is dismissed upon procedural

grounds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2004, Selvey was indicted by a federal grand jury on eleven counts of

forgery involving money orders obtained from the United States Postal Service. Selvey

subsequently entered into an agreement with the Government by which he pled guilty to eight of

the eleven counts; the remaining three counts were dismissed. On May 11, 2005, this court

sentenced Selvey to sixty months' active incarceration, to be served consecutive to the sentence

of imprisonment received for related state convictions, followed by three years' supervised

release. Selvey was also informed of his right to appeal his conviction and sentence, though no

appeal was taken.

Selvey has now filed a motion under § 2255. He is currently incarcerated at the

Spartanburg County Detention Center in Spartanburg, South Carolina, and he is proceeding in

this matter without the assistance of counsel. For purposes of effective filing, his motion is dated

July 22, 2008. Houston v. Lack, 487 U.S. 266 (1988).

Selvey has raised two grounds for post-conviction relief.  First, Selvey claims that he requested sentencing counsel, an experienced Federal Public Defender, to file a notice of appeal, which was not done.  Second, Selvey alleges prosecutorial misconduct.  It was Selvey's "impression" that his federal sentence would run concurrently with, not consecutive to, his related state sentence.  The inference is that the Assistant United States Attorney who prosecuted Selvey misrepresented the way in which Selvey would be required to serve his sentences.

Given that Selvey's conviction became final in May 2005, the timing of this motion's filing raised concerns regarding the statute of limitations.  28 U.S.C. § 2255(f).  On August 12, 2008, the court directed that Selvey supplement his motion by setting forth any circumstances that may excuse the late filing of his application for post-conviction relief.  Selvey filed a supplement to his motion on August 20, 2008.

The essence of the supplementary response is that following his federal sentencing, Selvey was shuffled among correctional institutions and was therefore impaired from engaging in regular communication with his counsel and the court.  At the time when Selvey was sentenced on May 11, 2005, he was incarcerated at Turbeville Correctional Institution.  On June 8, 2005, he was transferred to Broad River.  One week later, he was moved to Tyger River.  Eventually in June 2005, Selvey was transported to Washington, D.C., where he testified before the House Ways and Means Committee.  He was later remanded to the custody of the South Carolina Department of Corrections where he has remained since.

The immediate matter before the court is whether Selvey's application for post-conviction relief should be considered timely filed, such that the court may consider the application on its merits.

2

## II. Discussion of the Law

In the federal system of justice, the commencement and disposition of a criminal

defendant's application for post-conviction relief are governed by the Antiterrorism and Effective

Death Penalty Act ("AEDPA").  Selvey is proceeding under 28 U.S.C. § 2255, which is the

specific procedural mechanism by which federal criminal defendants challenge their conviction

and sentence.  Consistent with § 2255, as modified by AEDPA, a federal criminal defendant's

application for post-conviction relief is generally subject to a one-year statute of limitations.  28

U.S.C. § 2255(f).  AEDPA further provides that

> [t]he limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental
> action in violation of the Constitution or laws of the United States is removed, if the
> movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have
> been discovered through the exercise of due diligence.

Id.  In order for a criminal defendant to preserve his right of direct appeal, he must file a notice

of appeal within ten days of the date of his sentencing.  Fed. R. App. P. 4(b).  If a notice of

appeal is not timely filed, then the criminal defendant's conviction becomes final upon the

expiration of the ten-day period.  Clay v. United States, 537 U.S. 522, 532 (2003).  Since a notice

of appeal was not filed in Selvey's case, his conviction is deemed to have become final on

May 26, 2005.

Selvey does not allege that unlawful governmental action prevented him from filing a

timely notice of appeal.  28 U.S.C. § 2255(f)(2).  Nor does he allege that his case is subject to a

3

new rule of constitutional law, id. § 2255(f)(3), or that he has recently come into possession of newly discovered evidence, id. § 2255(f)(4).  As a matter of law, AEDPA's limitation period necessarily began to run against Selvey as of the date his conviction became final; it expired one year later, on May 26, 2006.  Id. § 2255(f)(1).

Selvey did not file his application for post-conviction relief until two years after the expiration of the limitations period.  Consistent with Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002), the court gave Selvey the opportunity to proffer the existence of extraordinary circumstances that may excuse his late filing.  In other words, the court sought to determine whether the doctrine of equitable tolling could salvage the application for post-conviction relief.

Equitable tolling is seldom applicable.  It is available "only in those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)) (internal quotation marks omitted).  Thus, to save his motion for post-conviction relief, an otherwise time-barred criminal defendant must present evidence of  "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  Sosa, 364 F.3d at 512 (quoting Rouse, 339 F.3d at 246) (internal quotation marks omitted).

The court has given due consideration to the facts and circumstances presented by Selvey in support of his contention that equitable tolling should apply.  However, the court is not convinced that the circumstances presented are sufficiently "extraordinary," or that such circumstances "prevented" Selvey from noticing an appeal.

First of all, the court advised Selvey at sentencing of his right to appeal. He is therefore charged with knowledge of his rights. Second, Selvey was not traveling during the time when his appeal should have been noticed. As previously explained, Selvey's conviction became final on May 26, 2005; he was not transferred from Turbeville to Broad River until June 8, 2005. And third, even if Selvey's transfer had affected the prompt delivery of his mail, that fact would make absolutely no difference to the analysis. The court does not mail criminal defendants a notice of the right to appeal.

Selvey contends that he requested his counsel to file a notice of appeal. As a matter of post-conviction relief, an attorney's failure to notice a requested appeal is per se ineffective assistance of counsel, irrespective of the possibility of success on the merits. United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (citation omitted). However, a criminal defendant must diligently avail himself of his procedural rights. In this case, Selvey should have filed a motion under § 2255 prior to the expiration of the limitations period in May 2006. The court understands that Selvey is not educated in the law. The great majority of criminal defendants are not. But this fact alone does not excuse the filing of an application for post-conviction relief well after the limitations period has expired, and it does not serve as a basis for equitable tolling. Sosa, 364 F.3d at 512 (citations omitted).

### III. Conclusion

Upon due consideration, and for the foregoing reasons, Selvey's motion under § 2255 to vacate, set aside, or correct his sentence, docket number 32, is dismissed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 28, 2008

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days of the date upon which this order is filed, set forth above, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.